UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HINSHAW & CULBERTSON LLP and HOGUET
NEWMAN REGAL & KENNEY, LLP,

          Plaintiffs,

-against-

MARC A. BRUNER, CARMEN LOTITO, KELLY
H. NELSON, RESOURCE VENTURE
MANAGEMENT AG, EQUISTAR CAPITAL,
LLC, BCI INTERNATIONAL HOLDINGS, INC.,
BIO-COMPOSITES INTERNATIONAL, INC., and
BIOFIBRE TECHNOLOGY INTERNATIONAL,
INC.,

          Defendants.

---

07 Civ. 9391 (WHP)

WAIVER OF SERVICE OF
SUMMONS OF
EQUISTAR CAPITAL, LLC

TO:    J. Richard Supple Jr.
         Hinshaw & Culbertson LLP
         780 Third Avenue
         New York, NY 10017

         Frederick S. Newman
         Hoguet Newman Regal & Kenney
         10 E. 40th Street
         New York, NY 10016

     I, Hugh C. Thatcher, of Patton Boggs, LLP and counsel for Defendant Equistar Capital, LLC, acknowledge receipt of your request that Defendant waive service of a summons in the action of *HINSHAW & CULBERTSON LLP, et al v. MARC A BRUNER, et al.*, which is case number 07 civ. 9391 (WHP) in the United States District Court for the Southern District of New York. Defendant acknowledges receipt of a copy of the complaint in the action, two copies of this instrument, and a means by which to return the signed waiver to you without cost.

     Defendant agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Defendant, or any entity on whose behalf it is acting, be served with judicial process in the manner provided by Rule 4.

     Defendant, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

265989

Defendant understands that a judgment may be entered against it if an answer or motion under Rule 12 is not served upon you within 60 days after October 19, 2007, or within 90 days after that date if the request was sent outside the United States.

DATED: November 12, 2007

_____
Signature

By: Hugh C. Thatcher
of PATTON BOGGS, LLP
1801 California Street, Suite 4900
Denver, CO 80202
303-830-1776
303-894-9239 facsimile
hthatcher@pattonboggs.com

as Counsel for Defendant Equistar Capital, LLC

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or party. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

265989