UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HINSHAW & CULBERTSON LLP and HOGUET
NEWMAN REGAL & KENNEY, LLP,

               Plaintiffs,

     -against-

MARC A. BRUNER, CARMEN LOTITO, KELLY
H. NELSON, RESOURCE VENTURE
MANAGEMENT AG, EQUISTAR CAPITAL, LLC,
BCI INTERNATIONAL HOLDINGS, INC., BIO-
COMPOSITES INTERNATIONAL, INC., and
BIOFIBRE TECHNOLOGY INTERNATIONAL,
INC.,

               Defendants.

DISCOVERY PLAN
07 Civ. 9391 (WHP)
ECF Case

---

     The parties by and through their respective attorneys, and pursuant to Federal Rule of Civil Procedure 26(f), respectfully submit the following discovery plan.

### A.    TIMING, FORM AND REQUIREMENTS FOR DISCLOSURES PURSUANT TO 26(a)(1):

     The parties will make their initial disclosures within 14 days of the Rule 26(f) conference with the Court. The form of the disclosures will be consistent with Rule 26(a)(1).

     If expert witnesses are needed by one or more of the parties, all disclosures of experts and rebuttal experts will be completed as required by Rule 26(a)(2)(C). The parties do not anticipate designating expert witnesses at this time.

     No changes to the form of disclosures or requirement of disclosure are requested.

### B.    DISCOVERY SUBJECTS AND LIMITS:

     The subjects on which discovery may be needed in this action are:

     1. The nature and form of the agreements between Plaintiffs and Defendants that are cited in the Complaint and the obligations thereunder;

2. Defendants treatment of the "Escrow," as that term is defined in the agreement attached to the Complaint as Exhibit 1.

3. Plaintiffs allegations of fraud in the negotiation and execution of the agreement attached to the Complaint as Exhibit 1.

4. Defendant Carmen Lotito's treatment of residences he owns or owned in Utah in or about May 2007.

5. The individual Defendants' relationship to Defendant BioFibre Technology International, Inc.

6. The relationship and interactions between Defendants and Patton Boggs LLP in and around the time the agreement attached to the Complaint as Exhibit 1 was made and in or about the time Defendants' settlement agreement in the underlying Hughes Case was negotiated and agreed upon.

The parties do <u>not</u> agree about the time required for discovery. Plaintiffs believe that three months is adequate for discovery. Defendants believe that eight months is adequate for discovery.

## C.     ELECTRONICALLY STORED INFORMATION:

The following electronically stored information ("ESI") that may be disclosed or produced in discovery in this action includes:

Email communications between Defendants and Plaintiffs on the issues relevant to this case; and

Email communications between and amongst the Defendants and/or relevant Third Parties on the issues relevant to this case; and

Written documents generated or exchanged between the parties on the issues relevant to this case that are maintained in electronic form; and

Written documents between and amongst the Defendants and/or Third Parties on the issues relevant to this case that are maintained in electronic form;

Accounting information maintained in electronic form to the extent that it cannot adequately be produced in hard copy form.

This information will be produced in pdf. format if possible. If not possible, the information will be produced in native format.

### D.    CLAIMS OF PRIVILEGE OR PROTECTION:

The parties do not know of issues of privilege or protection that need to be addressed at this time.

### E.    CHANGES TO LIMITATIONS ON DISCOVERY:

The parties do not believe that any changes need to be made to the default discovery limits in the Federal Rules of Civil Procedure.

### F.    OTHER ORDERS:

At this time, the parties do not request or currently anticipate requesting other orders under Rule 26(c) or Rule 16(b) and (c).

DATED:    New York, New York
          January 18, 2008

Respectfully submitted,

By: _Bryan L. Benson_____
Bryan L. Benson (BB3271)
PATTON BOGGS, LLP
1675 Broadway
New York, NY 10019
Attorneys for Defendants

By:_____
J. Richard Supple Jr. (JS 3549)
HINSHAW & CULBERTSON LLP
780 Third Avenue
New York, NY 10017
Attorneys for Plaintiff Hinshaw & Culbertson LLP

268391                          3

Written documents between and amongst the Defendants and/or Third Parties on the issues relevant to this case that are maintained in electronic form;

Accounting information maintained in electronic form to the extent that it cannot adequately be produced in hard copy form.

This information will be produced in pdf. format if possible. If not possible, the information will be produced in native format.

### D.    CLAIMS OF PRIVILEGE OR PROTECTION:

The parties do not know of issues of privilege or protection that need to be addressed at this time.

### E.    CHANGES TO LIMITATIONS ON DISCOVERY:

The parties do not believe that any changes need to be made to the default discovery limits in the Federal Rules of Civil Procedure.

### F.    OTHER ORDERS:

At this time, the parties do not request or currently anticipate requesting other orders under Rule 26(c) or Rule 16(b) and (c).

DATED:       New York, New York
             January 18, 2008

                              Respectfully submitted,


                              By:_____
                              Bryan L. Berson (BB3271)
                              PATTON BOGGS, LLP
                              1675 Broadway
                              New York, NY 10019
                              Attorneys for Defendants

                              By:_____
                              J. Richard Supple Jr. (JS 3599)
                              HINSHAW & CULBERTSON LLP
                              780 Third Avenue
                              New York, NY 10017
                              Attorneys for Plaintiff Hinshaw & Culbertson LLP

268391                                    3

By: *Frederic S. Newman*
Frederic S. Newman (FN 3174)
HOGUET NEWMAN REGAL & KENNEY, LLP
10 East 40th Street
New York, NY 10016
Attorneys for Plaintiff Hoguet Newman Regal &
Kenney, LLP